UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

DAVID JOHNSON,                                  :

        Plaintiff,                      :   <u>REPORT AND RECOMMENDATION</u>

    -v.-                                       :   05 Civ. 6080 (RCC) (GWG)

UNITED SERVICES CENTER,                         :

        Defendant.                      :

----------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      <u>Pro se</u> plaintiff David Johnson brought this action on June 30, 2005 pursuant to 42 U.S.C. § 2000(e), alleging employment discrimination in connection with his July 2004 firing from his job as a messenger. <u>See</u> Complaint (Docket #2). Johnson executed a U.S. Marshals Service form to obtain service on the defendant. Service was not timely effected pursuant to Fed. R. Civ. P. 4(m) and, in response to an Order from the Court, Johnson related in a letter dated October 5, 2005 that he had provided such a form to the Marshals in July 2005.

      On October 21, 2005, a Process Receipt and Return Form (Docket #5) was filed indicating that the U.S. Marshals Service had attempted to make service upon the defendant, "United Services Company," but that no company by that name could be found at the address provided and that no forwarding address was found. In order to "provide Mr. Johnson with the opportunity to obtain any more information . . . on the location of the defendant," this Court allowed Johnson an additional period for service, giving him until January 30, 2006 to make service on defendant. (Docket #6). On January 26, 2006, a Process Receipt and Return of Service was filed, reflecting that the U.S. Marshals Service had served defendant on December 29, 2005. (Docket #7). An answer was due on January 18, 2006. Defendant, however, did not file any responsive pleadings with the Court.

      No action occurred on this case until February 1, 2007, when the Court issued an Order directing Johnson to appear at a hearing before the Court on February 27, 2007, at 11:30 a.m. regarding the status of his case. (Docket #8). The Order noted that Johnson had taken no steps to prosecute the case, such as seeking an entry of default or a default judgment. The Order warned Johnson that "if he fails to appear at this conference or fails to seek an adjournment, the case may be dismissed." <u>Id.</u> The Court mailed this Order to Johnson by regular mail at his Bronx address. Johnson failed to appear the February 27 conference and has made no contact with the Court. No mailing to Johnson has been returned to the Court as undeliverable.

Fed. R. Civ. P. 41(b) provides in relevant part:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision . . . operates as an adjudication upon the merits.

A decision to dismiss an action for failure to prosecute "may be made sua sponte." Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) (citing Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Although dismissal is "a harsh remedy to be utilized only in extreme situations," United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citing Minnette, 997 F.2d at 1027), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982).

While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, see Drake, 375 F.3d at 254, a district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Here, it is sufficient to say that, other than completing forms in 2005 for the U.S. Marshals Service to serve the defendant, plaintiff has taken no action to prosecute this case. At least 16 months has elapsed since Johnson took any action in this case. This lengthy period of inaction strongly counsels in favor of dismissal. Cf. Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (dismissal for failure to prosecute after six months of inaction).

In addition, Johnson ignored a court order to appear at a hearing on February 27, 2007. See Order, dated Feb. 1, 2007. The Court warned Johnson that failure to comply with the order might result in dismissal of his case. Id. Accordingly, dismissal of this case is appropriate for this reason as well. See generally Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) (dismissal for failure to comply with court order directing plaintiff's counsel to submit certain pre-trial materials upheld where plaintiff's counsel "indisputably received . . . notice" that the case would be dismissed if the court's order was not complied with).

Conclusion

For the foregoing reasons, this action should be dismissed pursuant to Fed. R. Civ. P. 41(b).

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard C. Casey and to the undersigned at 500 Pearl Street, New York, NY 10007. Any request for an extension of time to file objections must be directed to Judge Casey. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 7, 2007
       New York, New York

                                                GABRIEL W. GORENSTEIN
                                                United States Magistrate Judge

Copies sent to:

David Johnson
2230 University Avenue, Apt. 3L
Bronx, NY 10453

Hon. Richard C. Casey
United States District Judge

## PROCEDURE FOR FILING OBJECTIONS TO THIS
## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have ten (10) days from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (e). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. Richard C. Casey and to the undersigned at 500 Pearl Street, New York, NY 10007. Any request for an extension of time to file objections must be directed to Judge Casey. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).

Dated: March 7, 2007
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge

Copies sent to:

David Johnson
2230 University Avenue, Apt. 3L
Bronx, NY 10453

Hon. Richard C. Casey
United States District Judge

3